**Reversed and Remanded and Opinion Filed January 21, 2015**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-14-00278-CR
### No. 05-14-00279-CR

**THE STATE OF TEXAS, Appellant**
**V.**
**JARQUIS D. JACKSON, Appellee**

**On Appeal from the County Criminal Court No. 3**
**Dallas County, Texas**
**Trial Court Cause Nos. MB13-62072 and MB13-62071**

## MEMORANDUM OPINION
Before Justices Francis, Evans, and Stoddart
Opinion by Justice Francis

Jarquis D. Jackson was charged with the misdemeanor offenses of unlawfully carrying a weapon and possession of marijuana. Appellant moved to suppress the evidence, arguing his detention was illegal because officers did not have reasonable suspicion. The trial court granted the motion, and the State appealed. In a single issue, the State argues the trial court erred in concluding an anonymous tip did not support the officers' reasonable suspicion. We agree with the State. Therefore, we reverse the trial court's orders and remand for further proceedings consistent with this opinion.

At about 4 a.m. on September 2, 2013, a caller reported to 911 that a black male in a white T-shirt was "displaying" a gun on the parking lot of a gas station. The caller reported there

were "a lot of people" on the parking lot, and the man was with a group of seven other men. The caller stayed on the line with 911 while officers responded.

Dallas Police Officers J. Dickson, Craig Thomas, and Lance Crawford were dispatched to the scene. The gas station is in a high-crime area with a nightclub nearby. While driving there, the officers received information that the man with the gun had gotten into a dark-colored Honda with no front license plate and blue headlights; the car was backed into the gas station and its headlights were flashing.

When the officers arrived at the scene, they saw the Honda with the flashing lights matching the description given by the caller. As the officers got out of their vehicles, the Honda started to pull away. The officers, who had their guns drawn but at their side, motioned for the car to stop, and the vehicle did. As they approached the vehicle, Crawford said he could smell marijuana. The officers had the three occupants, who were all dressed in white T-shirts, get out of the car while they patted them down for weapons. No weapons were found. The doors of the vehicle were left open when the occupants got out. While one of the officers checked for warrants, Thomas walked around the vehicle and spotted a gun in plain view on the passenger floorboard. The gun was "slide-side down, with the grip closest facing the driver." Appellant said the gun was his. The warrant check revealed that appellant had outstanding warrants, and officers arrested him. In the search incident to arrest, they found marijuana in his pocket. Marijuana was also found in the vehicle.

At the scene, Crawford used the number on the 911 call sheet to contact the tipster to see if he could "get more information." The man told Crawford he was there when officers drove up and confirmed they were investigating the correct vehicle. Crawford asked for the man's name, but he declined, saying he was "just passing through town" and wanted "to stay anonymous."

At the conclusion of the hearing, the trial court made oral findings consistent with the evidence and recessed for two weeks. At the subsequent hearing, appellant argued the anonymous tip did not provide reasonable suspicion for the investigatory detention and relied on the U.S. Supreme Court's decision in *Florida v. J.L*, 529 U.S. 266 (2000). The trial court agreed and granted the motion to suppress.

In reviewing a trial court's ruling on a motion to suppress, we apply a bifurcated standard of review. *Martinez v. State*, 348 S.W.3d 919, 922–23 (Tex. Crim. App. 2011). We afford almost total deference to a trial judge's determination of historical facts and mixed questions of law and fact that rely upon the credibility of a witness. *Id*. We review de novo pure questions of law and mixed questions of law and fact that do not depend on credibility determinations. *Id*. When, as here, the trial court makes explicit fact findings, we determine whether the evidence, viewed in the light most favorable to the trial court's ruling, supports these findings. *State v. Kelly*, 204 S.W.3d 808, 818 (Tex. Crim. App. 2006). We then review the trial court's legal ruling de novo unless the explicit fact findings supported by the record are also dispositive of the legal ruling. *Id*.

Under the Fourth Amendment, a warrantless detention of a suspect that amounts to less than a full-blown custodial arrest must be justified at least by a reasonable suspicion. *State v. Elias*, 339 S.W.3d 667, 674 (Tex. Crim. App. 2011). A police officer has reasonable suspicion to detain a person if he has specific, articulable facts that, combined with rational inferences from those facts, would lead him reasonably to conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Id*. In determining whether an officer has reasonable suspicion to detain, we look at the totality of the circumstances through an objective lens, disregarding the officer's subjective intent. *Matthews v. State*, 431 S.W.3d 596, 603 (Tex. Crim. App. 2014). Although some circumstances may seem innocent in isolation, they will support an

–3–

investigatory detention if their combination leads to a reasonable conclusion that criminal activity is afoot. *Id.*

An anonymous tip alone is seldom sufficient to establish reasonable suspicion. *Id.* Reasonable suspicion is dependent not only on the content of the information possessed by law enforcement, but also on its reliability. *Id.* To support reasonable suspicion, an anonymous tip requires some indicia that the caller is credible or that his information is reliable. *Id.*

Since the trial court's ruling, the United States Supreme Court issued its opinion in *Navarette v. California,* 134 S. Ct. 1683 (2014), which considered the sufficiency of an anonymous tip to conduct an investigatory stop. In *Navarette*, a 911 caller, presumed by the court to be anonymous, reported that a vehicle ran her car off the road. The caller provided the location as well as a description of the vehicle and license plate number. The 911 dispatcher relayed the information to officers. 134 S. Ct. at 1686–87. About eighteen minutes later, officers spotted a vehicle some nineteen miles south of the location reported in the tip. *Id.* at 1689. The officers pulled the truck over. As they approached, they smelled marijuana and a subsequent search revealed 30 pounds of marijuana in the bed of the truck. *Id.* at 1687.

The court held the anonymous tip contained adequate indicia of reliability to support reasonable suspicion because the content of the tip indicated it (1) was based on eyewitness knowledge, which "lends significant support to the tip's reliability"; (2) was contemporaneously made, which is "especially trustworthy because 'substantial contemporaneity of event and statement negate the likelihood of deliberate or conscious misrepresentation'"; and (3) was made to the 911 emergency system, which "has some features that allow for identifying and tracing callers, and thus provide some safeguards against making false reports with immunity." *Navarette*, 134 S. Ct. at 1689–90; *see Matthews*, 431 S.W.3d at 604 n.29.

The court distinguished its decision from that in *J.L.,* the case relied on by appellee below and on appeal. *J.L.* involved an anonymous caller who reported to the police that a young black male, wearing a plaid shirt, was standing at a particular bus stop and was carrying a gun. 529 U.S. at 268. The court identified two critical distinctions between the *Navarette* tip and the *J.L.* tip: (1) the *J.L.* tip "provided no basis for concluding that the tipster had actually seen the gun" and (2) there was no indication that the *J.L.* tip was made contemporaneously with criminal activity or under the stress of excitement caused by a startling event. *Id.* at 1689.

Having reviewed the evidence and the trial court's oral findings, we conclude the anonymous call leading to appellant's detention contained sufficient indicia of reliability to provide officers with reasonable suspicion to believe criminal activity was afoot. As in *Navarette*, the tip was an eyewitness account of a potentially dangerous situation, was made contemporaneously with the event, and was made through the 911 system. As found by the trial court, the tipster called 911 in the early morning hours and reported a man was publicly "displaying" a gun on the parking lot of a gas station. The gas station was open for business and was located near a nightclub in a high-crime area. As officers went to the scene, the tipster stayed on the line with the 911 dispatch and provided other information in real time. The tipster gave information on the man's attire and location as well as specific details on his vehicle, such as make, color, the lack of a front license plate, blue flashing headlights and how the car was parked. Police verified these details before making the stop. After the stop, one of the officers contacted the tipster, who verified the officers were investigating the correct vehicle. Because we conclude the officers had reasonable suspicion to conduct an investigatory stop, the trial court erred in granting the motion to suppress. We sustain the State's sole issue.

We reverse the trial court's orders and remand these causes for proceedings consistent with this opinion.


Do Not Publish
TEX. R. APP. P. 47                                    /Molly Francis/
140278F.U05                                           MOLLY FRANCIS
                                                      JUSTICE



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00278-CR     V.

JARQUIS D. JACKSON, Appellee

On Appeal from the County Criminal Court
No. 3, Dallas County, Texas
Trial Court Cause No. MB13-62072.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the trial court's order granting the motion to suppress is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.

Judgment entered January 21, 2015.



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

THE STATE OF TEXAS, Appellant

No. 05-14-00279-CR      V.

JARQUIS D. JACKSON, Appellee

On Appeal from the County Criminal Court No. 3, Dallas County, Texas
Trial Court Cause No. MB13-62071.
Opinion delivered by Justice Francis;
Justices Evans and Stoddart participating.

Based on the Court's opinion of this date, the trial court's order is **REVERSED** and the cause **REMANDED** for further proceedings consistent with this opinion.


Judgment entered January 21, 2015.